SCHOTT, Chief Judge.
This is before the court on the motion of Louisiana State Racing Commission, appellant, to stay proceedings in the district court. The judgment on appeal from the district court is a reversal of a decision by the commission. Appellee, Jerry D. Carts, is the owner and trainer of the horse, Big Earl.
Big Earl placed second in a race at Louisiana Downs on September 24, 1989. He was found to have an excess of Phenylbu-tazone in his system, he was disqualified, and the purse he would have won was redistributed to other horses. This action of the Stewards was upheld by the Racing Commission, and appellee filed a petition for judicial review in the trial court. The trial court overruled the order of the commission and remanded the case for redistribution of the purse with appellee as the recipient of the second place share. On August 15, 1990 the commission filed a motion for and obtained an order of appeal from the judgment of the trial court.
On September 17 appellee filed a motion in the district court to enforce its judgment, i.e., to require the commission to distribute the purse to him or, in the alternative to require the commission to post a suspensive appeal bond. The trial court has set this motion for a contradictory hearing against appellant.
By its present motion to stay, the commission seeks to prevent the trial court from enforcing its judgment pending the appeal in this court. We granted a temporary stay in order to consider the merits of the motion and secured a response from the appellee.
The only basis for the trial court’s jurisdiction over appellee’s motion to enforce his judgment is LSA-C.C.P. art. 2088(7) which provides the trial court with jurisdiction to give effect to its judgment when its execution is not suspended by the appeal.
Appellee concedes that R.S. 13:4581 exempts appellant from furnishing the security required by C.C.P. art. 2124 for a sus-pensive appeal, but he argues that appellant took a devolutive, not a suspensive, appeal from the judgment. In support of that position he relies wholly upon a form notice of appeal sent to his attorney by the clerk of the district court which labeled appellant’s appeal as devolutive rather than suspensive. However, the appellant’s motion for appeal and the order of appeal signed by the district court is for a “devolu-tive/ suspensive” appeal.
Despite this loose language, since the appellant obviously needs a suspensive appeal in order to preserve the status quo pending the appeal and since no bond is required of appellant to pursue a suspen-sive appeal, it was clearly the intent of the commission to seek and the district court to grant a suspensive appeal.
Since appellant’s appeal is a suspensive appeal, the district court has no jurisdiction to give effect to its judgment. Accordingly, appellant’s motion to stay the proceed *114 ings in the district court is granted, and the order of the district court signed on September 18, 1990 fixing appellee’s motion for a contradictory hearing against appellant is vacated and set aside.
MOTION TO STAY GRANTED; ORDER VACATED AND SET ASIDE.